530

In the Matter of A. L. LIBRA, An Attorney and Counselor at Law

No. 12193.
July 25, 1972.
503 P.2d 1005.

ORDER

PER CURIAM:

By formal complaint the Commission on Practice of this Court charged A. L. Libra, an attorney admitted to the Bar and licensed to practice in Montana, with professional misconduct as set forth in three counts therein.

Pursuant to the rules of this Court pleadings were filed, testimony taken, exhibits introduced and a formal hearing held. Mr. Libra was personally present and represented by Hon. Stanley M. Doyle as his counsel. George Bennett, Esq., appeared as Special Counsel for the Commission. Following the hearing the Commission made its report and recommendation to this Court, filed herein on May 19, 1972. Copy was forwarded by certified mail to Libra, he personally signing receipt therefor on May 23, 1972. His counsel also was served with copy in the same manner and receipt returned and filed.

Also on May 19, 1972, the Clerk of this Court issued a citation directed to Libra and his counsel and copy sent by mail to each, and which commanded and directed Libra to file exceptions, if any he had, to the Report and Recommendation of the Commission on Practice, or give written notice that he elected not to file any such exceptions. There was no

response, and on June 28, 1972, the Chief Justice wrote to counsel, enclosing copy of the appropriate provision of the Rules of the Commission on Practice, and requested compliance. Libra's counsel, on June 29, 1972, wrote him requesting advice as to what he wished to do, and that if he did not desire to file a brief, he, Libra's counsel, wanted to let the Chief Justice know. Copy of this letter was sent to the Chief Justice. There has been no response.

Since every opportunity has been afforded Libra to present his defense in this matter and he having failed to file any exceptions or notify the Court that he did not desire to, nor file any brief in the cause, as granted by the rules of the Commission on Practice, the matter is submitted upon the record now before the Court. Patrick F. Hooks, Esq., Secretary of the Commission, represented Libra in certain marital litigation previously, and took no part in these proceedings.

The complaint against Libra contained three counts. The first count dealt with his failure to properly administer two estates, in one of which he was executor, administrator in the other, and his own counsel in both. The second count dealt with the handling of the creditor's claim of the Welfare Department of the State of Montana and his attempts to mislead and misinform that creditor. The third count deals with his failure as attorney and personal representative to safeguard estate property, put to productive use estate personal property, and his commingling of estate cash funds so they can no longer be traced.

No purpose would be served by setting forth the findings of the Commission, but we do wish to quote the conclusions:

"With respect to the charges against the respondent, the Commission concludes:

"I.

"When a lawyer accepts the professional responsibility of an attorney in undertaking probate proceedings in the estates of decedents, in a very real sense, there is imposed upon him

a high duty to be diligent, trustworthy, and to use his competence to protect the rights of the heirs, the property of the estate, and the interests of government in taxes, if any, to be received.

"When, in addition to acting as a lawyer for the estate proceedings, an attorney accepts the additional responsibility of being appointed an executor or administrator, then his duty of trust and responsibility is of the highest order. Such attorney cannot, by his action or lack of action, jeopardize the estate, fail to care for its property, or ignore the rights of creditors or of the heirs. For if the attorney, in this situation, does not perform his duties, truly 'nobody is minding the store.'

"Here the evidence is conclusive that the attorney failed in his duty as an executor in one estate, and as administrator in another, and as a lawyer in both. That he has been negligent and inattentive is beyond cavil. As a result, the estates remain open after more than a decade; no inventories have been filed; no appraisers have been appointed; no accountings have been rendered; no preliminary Montana inheritance tax forms have been filed; the improvements on the real property have been allowed to deteriorate and become dilapidated, and the taxes thereon delinquent; the personal property, taken into respondent's possession, cannot be traced.

"Under these circumstances, the attorney, under our case law, on petition, would be subject to removal as executor or administrator in each estate.

"As an attorney, the respondent has failed to act competently, and to use proper care in handling the estates.

"The Commission concludes that the acts and omissions of the respondent under the charges of Count One of the complaint are proved, and require disciplinary action.

"II.

"The Commission, on review of all of the evidence, concludes that the respondent evaded, or refused by indirection

to perform, his duty to give direct answers as to the property of the estate upon inquiry from a major creditor with a demonstrable interest in the estate; as a result the major creditor was misled, or misinformed as to the property in the estates available to pay its claims; the actions of the respondent amounted to a lack of candor to those having a right to know the affairs of the estates, including the court involved, and a major creditor, and fails to meet the standards of fairness required of lawyers handling the estates of deceased persons.

"On Count Two, disciplinary action is required against the respondent.

### "III.

"Under our canons of professional ethics, money in trust, or trust property, coming into the possession of a lawyer, must be reported and accounted for by him promptly, and under no circumstances should trust moneys or property be commingled with the attorney's money or property, or be used by him.

"The Commission concludes that the respondent attorney failed to report and account for, to the clients, heirs, or to the court, the trust moneys and property coming into his possession in the subject estates; that he commingled the moneys of the estates with his own money, used those estate moneys, and even now has not fully accounted for the same to the court involved, or the Commission.

"On this count against the respondent, even if standing alone, the Commission would be required to recommend disciplinary action."

The Commission recommended disbarment.

This Court has reviewed the charges made, the transcript of the hearing, exhibits received, the findings, conclusions and recommendation of the Commission and we find substantial credible evidence warranting discipline.

We accept and will follow the recommendation of the Commission on Practice of this Court, and we therefore Order

and Adjudge that A. L. Libra be disbarred; that his name be stricken from the roll of attorneys and counselors of this Court; and, that he be prohibited from practicing as an attorney and counselor in all the courts of this state.

The Clerk of this Court shall give notice of this Order to A. L. Libra, his counsel, the district judges and clerks of all the district courts in Montana, the chairman and secretary of the Commission on Practice, the clerk of the Federal District Court for the District of Montana, and the clerk of the 9th Circuit Court of Appeals.

It is further ordered that a copy of this opinion be furnished to the county attorney of Sanders County for his information and to aid him in considering any further proceedings which should be undertaken in these matters. The Clerk of this Court is directed to furnish said county attorney with any and all portions of the record in this matter to enable him to carry out such further proceedings.

The district court of the Fourth Judicial District in and for the County of Sanders is directed to forthwith remove A. L. Libra as personal representative and attorney in the probate cases herein referred to and appoint successors thereto so that assets may be salvaged, creditors paid, and probate completed and justice had.

It is so ordered.